IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


SANDRA HARROD                                                    PLAINTIFF

v.                                   Civil No. 6:15-cv-06111

SIGNET JEWELERS LIMITED, *et al.*                               DEFENDANTS


**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before this Court is, Signet Jewelers Limited, Sterling Jewelers, Inc., Kay Jewelers, Inc., and

Sterlhall, Inc. d/b/a Kay Jewelers ("Defendants"), Motion to Compel Arbitration.  ECF No. 6.

Plaintiff has filed a response to this Motion.  ECF No. 9.  The parties also filed Reply Briefing.  ECF

Nos. 11, 15.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable

Susan O. Hickey referred this Motion to this Court for the purpose of making a report and

recommendation.  A hearing was held on this Motion on July 11, 2016.  ECF No. 16.  In accordance

with that referral, I make the following report and recommendation.

**1. Background**

In this matter, Plaintiff brings suit against the Defendants, alleging the Defendants interfered

with her rights under the Family Medical Leave Act of 1993, ("FMLA") and this resulted in her

wrongful termination while on FMLA leave.  ECF No.1.

On January 26, 2016, Defendants filed a Motion to Compel Arbitration.  ECF. No. 6.  With

this Motion, Defendants seek referral of the issues to arbitration in accordance with the terms of the

Arbitration agreement and to stay or dismiss the action pending arbitration.  *Id.*  According to

Defendants, during Plaintiff's employment with the Defendants, she became a store manager, and

upon the outset of her participation in the "Store Manager's Bonus Plan," she signed an Acknowledgment confirming that she agreed to the following:

> In consideration of the Company's Store Manager's Bonus Plan and the Company's binding and mandatory alternative dispute resolution program ("RESOLVE"), I agree to use RESOLVE to resolve covered disputes that I may have against the Company, including but not limited to disputes about this Bonus Plan. By signing this Store Manager's Bonus Plan, I knowingly and voluntarily waive my applicable statutory rights to file a lawsuit against the Company for a covered claim and my constitutional right to a jury trial. I have read and understand the Store Manger's Bonus Plan and I agree to its terms and conditions.

Plaintiff responded and stated Defendants' motion should be denied because (a) the alleged contract does not name the parties; (b) the alleged contract lacks mutuality; (c) the alleged contract has no consideration, or consideration was extinguished by plaintiff's removal from management; and (d) the alleged contract does not identify what issues or disputes will require arbitration. ECF No. 9, 10. Plaintiff acknowledged signing this form upon being promoted to Store Manger. However, in early 2014, several months prior to Plaintiff's termination from the company, Plaintiff withdrew from management and became a salesperson. Therefore, Plaintiff also argues she wasn't working under this agreement at the time of her termination. *Id.*

On March 2, 2016, Defendants filed a Reply brief which referenced "recently acquired documentation" that showed upon being hired in March 2008, Plaintiff was presented with a bound book of employment forms to complete on her first day of employment. ECF No. 11. These forms, which Plaintiff signed, included an agreement to arbitrate all employment claims under the RESOLVE program. ECF No. 11-1, Pgs. 3-16. With this Arbitration agreement, Defendants argue: (1) the agreement names the parties, (2) the agreement does not lack mutuality because Plaintiff and the Defendants agreed to use the RESOLVE program, (3) the agreement does not lack consideration, and (4) the agreement clearly identifies what issues or disputes require arbitration. *Id.*

## 2. Applicable Law

In addressing a motion to compel arbitration, courts generally apply a two-part test: "(1) whether there is a valid arbitration agreement and (2) whether the particular dispute falls within the terms of that agreement." *E.E.O.C. v. Woodmen of World Life Ins. Soc*., 479 F.3d 561, 565 (8th Cir. 2007) (quoting *Faber v. Menard, Inc*., 367 F.3d 1048, 1052 (8th Cir. 2004)). The Federal Arbitration Act ("FAA") governs the enforceability of the Arbitration Agreement in this case, however, "[t]he validity of the agreement is determined by state contract law." *Id.* Under Arkansas law, the essential elements of a contract or an agreement are: (1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual obligations, and (5) mutual agreement. *Showmethemoney Check Cashers, Inc. v. Williams,* 342 Ark. 112, 119–20, 27 S.W.3d 361, 366 (2000).

## 3. Discussion[1]

Plaintiff argues the Arbitration Agreement of March 13, 2008, is not valid because: (A) the agreement does not name the parties, (B) the agreement lacks mutuality, (C) the agreement lacks consideration, and (D) the agreement does not identify what issues will require arbitration.[2]

### A. Parties to the Agreement

The agreement at issue (ECF No. 11-1) clearly identifies the parties as "employee" and Sterling Jewelers and its affiliates, subsidiaries, divisions, and related companies. Further, Plaintiff's signature appears as "employee" at the bottom of the document acknowledging her intent to enter into the agreement freely without coercion.

---

[1]It should be noted I limit this Order to consideration of the Arbitration Agreement signed by Plaintiff on March 13, 2008. ECF No. 11-1. I assume for purposes of this Order, the agreement signed by Plaintiff on March 14, 2012, (ECF No. 6-1) ceased to be enforceable upon her no longer being a store manager prior to her termination of employment.

[2]The Court invited a reply from Plaintiff after Defendants' Reply to Response (ECF No. 11) raised the March 13, 2008 agreement. Plaintiff replied but did not directly address the provisions of the March 13, 2008, agreement. ECF No. 15.

Under this agreement, Plaintiff and Sterling Jewelers are named. Even though other Defendants are named in the Complaint, Courts have routinely permitted non-signatories to an arbitration agreement to compel arbitration where an opposing party alleged the non-signatories were alter egos or otherwise in an interdependent relationship with a signatory. *PRM Energy Sys., Inc. v. Primenergy, L.L.C.*, 592 F.3d 830, 836 (8th Cir. 2010) and *Searcy Healthcare Ctr., LLC v. Murphy*, No. CV-13-210, 2013 WL 6047164, (Ark. Nov. 14, 2013). Plaintiff alleges the Defendants are "collectively one and the same entity." The factual allegations and causes of action in the complaint are alleged collectively against the "Defendants." ECF No. 1.

Without disputing the validity of her signature, Plaintiff did testify at the hearing she did not recall signing the agreement. Plaintiff's alleged unawareness of the arbitration policy is insufficient considering her signature acknowledging the policy. The arbitration agreement was conspicuously identified in large lettering at the top of the document, contained a detailed description of the arbitration program, and Plaintiff signed the document. Plaintiff's signature admits her understanding of its policies. Further, Plaintiff failed to present any evidence she did not comprehend what she was signing when she signed it. *See Barnard v. Townsquare Media, LLC*, 2013 WL 1755581, (W.D.Ark. Apr.24, 2013). Plaintiff was clearly a party to this agreement.

**B. Mutuality of Agreement**

Plaintiff argues the agreement lacks mutuality because, under the terms of the agreement, only Plaintiff has given up rights to a jury trial. In Arkansas, an enforceable contract is based on the mutual promises of the parties, and it must impose on them mutual obligations. *Showmethemoney Check Cashers v. Williams,* 27 S.W.3d 361, 366 (Ark.2000). Generally, each party to the contract must make a promise that binds it to the other party. If one those promises fails to fix any real liability upon the promising party, then the agreement lacks sufficient consideration and it is not a

4

valid contract. *Townsend v. Standard Indus., Inc.,* 363 S.W.2d 535, 537 (Ark.1962).

In this agreement, both parties agree to arbitrate disputes by use of the RESOLVE program. Each party also expressly waives their right to pursue claims through any court action. This agreement contains mutual obligations and mutual promises from both parties.

### C.  Consideration

Plaintiff argues the agreement at issue lacks consideration. Arkansas law requires consideration for any contract. *See Alltel Corp. v. Sumner*, 360 Ark. 573, 203 S.W.3d 77 (Ark. 2005).

As discussed above, both parties to this agreement have waived their right to pursue disputes through any court action. The United States Court of Appeals for the Eighth Circuit has also held that parties' mutual agreement to relinquish rights to a trial serves as an adequate consideration to make an arbitration agreement binding. *McNamra v. Yellow Transp*., *Inc.*, 570 F.3d 950,956 (8th Cir.2009).

Further, the agreement states that in consideration for signing the agreement, Sterling agrees to use the RESOLVE program for any claims against Plaintiff and Sterling agrees to pay $25.00 of Plaintiff's arbitration filing fee. ECF No. 11-1. Further at the conclusion of the document it contains the language "The parties understand and agree that this Agreement contains adequate consideration, the receipt and sufficiency of which is hereby acknowledged. *Id.* Adequate consideration exists for a valid agreement in this case.

### D.  Issues Requiring Arbitration

Finally, Plaintiff argues the agreement is invalid because it fails to identify what issues or disputes will require arbitration. However, the agreement signed by Plaintiff contains an exhaustive list of claims subject to be covered by the RESOLVE program, including claims under the Family

and Medical Leave Act, which is the basis of Plaintiff's complaint at issue.

**4. Conclusion**

For the reasons discussed above, it is recommended Defendants' Motion to Compel Arbitration (ECF No. 6) be **GRANTED**, this matter be compelled to arbitration, and this case be stayed pending completion of the arbitration.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 16th day of August, 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE